IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARRYL A. JONES,

                  Petitioner

      VS.

RANDY K. TILLMAN, Warden,

                  Respondent

NO. 5:07-CV-125(HL)

**PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

Petitioner DARRYL A. JONES has filed the instant petition alleging numerous grounds that Jones claims entitle him to federal habeas corpus relief from his convictions in the Superior Court of Bibb County, Georgia. Tabs #1 and #9. Respondent Tillman has filed an answer/response to the petitioner's petition.[1] Tab #10. After careful consideration, the undersigned recommends that the petition be **DENIED**.

### I. Procedural History

In February of 2002, plaintiff Jones was indicted by a grand jury in Bibb County for the offenses of malice murder, felony murder, and possession of a firearm by a convicted felon during the commission of a felony. Following a jury trial, Jones was found guilty of voluntary manslaughter and felony murder[2] and was sentenced to life imprisonment without the possibility of parole for felony murder; the voluntary manslaughter conviction was merged with the felony murder conviction by operation of law. The trial court also entered a *nolle prosequi* order for the firearm possession count.

---

[1] Also pending on the docket is the respondent's motion for leave to file his responsive pleadings out of time. Tab #11. That motion is **GRANTED**.

[2] In order to keep evidence of prior bad acts away from the jury, the petitioner's trial was bifurcated **at the petitioner's request**, and the jury was originally not given evidence regarding the felony murder count or any charge regarding felony murder. At the conclusion of the first stage, the jury returned a verdict of voluntary manslaughter, as the lesser included offense of malice murder. The trial was then re-opened to introduce evidence of felony murder where the underlying felony was possession of a handgun by a convicted felon.

Petitioner, having been appointed new counsel after the trial, filed a direct appeal in the Georgia Supreme Court, alleging three errors at the trial level: (1) The trial court erred when it proceeded on the felony murder portion of the bifurcated trial after the petitioner was convicted of manslaughter; (2) there was insufficient evidence to support the petitioner's conviction; and (3) the petitioner's counsel was constitutionally deficient in his representation. The Georgia Supreme Court found the first two enumerations of error meritless but remanded the third enumeration to the trial court for further consideration. *Jones v. State*, 276 Ga. 663 (2003). The trial court found that the petitioner's counsel had been effective, and the Georgia Supreme Court affirmed the trial court's finding on that matter. *Jones v. State*, 278 Ga. 880 (2005).

The petitioner then filed a state habeas corpus petition in the Superior Court of Ware County. After an evidentiary hearing, the state court denied habeas corpus relief on July 28, 2006; the Georgia Supreme Court denied the petitioner's application for a certificate of probable cause to appeal. Petitioner now brings this federal petition which raises eleven grounds for relief.

The petition at bar was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and will be reviewed pursuant to the standards of the Act.

## II. Need for an Evidentiary Hearing

Under the AEDPA, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

After a review of the file, the undersigned finds that an evidentiary hearing is not warranted in this case, and the petitioner's motion requesting such a hearing (Tab #16) is **DENIED**.

### III. Legal Standards
### Factual Presumption of Correctness

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### IV. Discussion
### 1. Double Jeopardy

In ground one, petitioner Jones contends that his trial — which was bifurcated **at his request** and in which he was originally convicted of voluntary manslaughter as the lesser included offense for **malice** murder but then convicted of **felony** murder after the introduction of additional evidence — violated the Constitution's prohibition against double jeopardy.[3] Specifically, the petitioner states that he "cannot be convicted of both felony murder and voluntary manslaughter when the jury found provocation for the murder." Tab #9 at 9. This enumeration is without merit.

The petitioner's trial was bifurcated in an effort to avoid prejudice to the jury that may have come as a result of their being provided evidence of the petitioner's prior conviction of a felony. The petitioner was then convicted of felony murder by the same jury after it was presented with evidence regarding the petitioner's prior felony conviction. Upon being convicted of felony murder, the voluntary manslaughter conviction was vacated by operation of law.

---

[3]Petitioner Jones' instant federal petition appears to only challenge whether the bifurcation of the trial resulted in double jeopardy. His direct appeal also challenged — on double jeopardy grounds — whether it was appropriate for him to be charged with felony murder when the underlying felony in question was that he was a felon in possession of a firearm. Even though the petitioner has not briefed this issue in this court, the undersigned feels it appropriate to note that the argument has been made and was settled by the Georgia courts. Since that argument deals with the an interpretation of state law and does not question a federal right, this Recommendation will not consider it.

3

Petitioner Jones' double jeopardy argument completely ignores the fact that his trial was bifurcated at his own request. It has been well settled since at least 1926 that a "defendant in a criminal case cannot complain of error which he himself has invited." *Shields v. United States*, 273 U.S. 583, 586 (1926). Such is exactly the case here where the petitioner's counsel requested that the trial be bifurcated in order to conceal information that was potentially prejudicial to his client.[4]

Because the petitioner himself invited any possible error on behalf of the trial court, and because the voluntary manslaughter conviction merged with the felony murder conviction, the petitioner's claims of double jeopardy are without merit.

## 2. Sufficiency of the Evidence

In ground two, the petitioner claims that the evidence presented against him was not sufficient to convict him of the crimes for which he was found guilty. In denying the petitioner's direct appeal, the Supreme Court of Georgia noted that:

> The evidence adduced at trial authorized the jury to find that [petitioner Jones] fatally shot [the victim, Gerald] Latimore. According to numerous eyewitnesses to the incident, there was no provocation before the shooting. Instead, appellant walked towards Lattimore, pulled out a gun concealed under his shirt, shot Lattimore in the head, and then fled the scene. Appellant did not deny shooting Lattimore, but contended that he did so because Lattimore had threatened appellant and his girlfriend the night before.

*Jones v. State*, 276 at 663-664.

Additionally, the state presented evidence at trial of the petitioner's three prior felony convictions which supported the jury's finding of felony murder based on the underlying felony of possession of a firearm by a convicted felon in violation of O.C.G.A §16-11-131.

The evidence was therefore sufficient to convict the petitioner of all crimes for which he was found guilty.

---

[4]It is also well settled that a criminal defendant can knowingly waive constitutional protections as when a defendant foregoes his right to a jury trial in favor of a bench trial or foregoes his Fourth Amendment rights by consenting to a search.

### 3. Effectiveness of Counsel

It is well settled that a petitioner setting forth an ineffective assistance of counsel claim must meet two requirements in order to obtain habeas corpus relief, to-wit:

First, a petitioner must establish that his counsel's performance fell below an objective standard of reasonableness. Generally, a strong presumption exists that counsel rendered adequate assistance. The courts must also be mindful that a fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight. The circumstances of the challenged conduct should also be reconstructed and the conduct evaluated from the counsel's perspective at the time of his representation.

Second, a petitioner must show that he suffered prejudice from the alleged deficiencies of his attorney. To prove prejudice, the petitioner bears a heavy burden. He must show that there is a reasonable probability that but for the enumerated errors, the result of the proceeding would have been different. ***Strickland v. Washington***, 466 U.S. 668 (1984). *See also **Nelson v. Nagle***, 995 F.2d 1549, 1554 (11th Cir. 1993); ***Waters v. Zant***, 979 F.2d 1473, 1490 (11th Cir. 1992); ***Harich v. Dugger***, 844 F.2d 1464, 1469 (11th Cir. 1988).

### A. Trial Counsel

The Georgia Supreme Court found that petitioner's claims of ineffective assistance of trial counsel had no merit, expressly relying on the standard set forth in *Strickland*. **Jones v. State**, 278 Ga. 880.[5] The decision of the Georgia Supreme Court is not contrary to or an unreasonable application of United States Supreme Court precedent. Accordingly, the petitioner's claims of ineffective assistance of trial counsel are without merit.

---

[5]The Supreme Court stated:

In order to establish that counsel was ineffective, appellant must show both that counsel's performance was deficient and that the performance was prejudicial to the defense *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of this Court's holding in *Jones,* supra, 276 Ga. at 664(1), 581 S.E.2d 546 that the evidence adduced at trial satisfied the requirements of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), counsel's "failure to move for a directed verdict presents an insufficient ground as a matter of law for claiming ineffective assistance of counsel. [Cit.]" *Vasser v. State,* 273 Ga. 747, 750(3)(b), 545 S.E.2d 906 (2001). Next, the trial transcript supports the court's finding that counsel objected to hearsay testimony by a police officer; the court agreed that it was hearsay; and the prosecutor then turned to a different line of questioning. Thus, appellant cannot show how he was prejudiced by counsel's behavior regarding this witness. See *Allen v. State,* 277 Ga. 502(3)(a), 591 S.E.2d 784 (2004). Finally, counsel testified that because eyewitnesses saw appellant come up behind the victim and shoot him at virtually point blank range, counsel chose not to emphasize the medical examiner's testimony by cross examining the witness about the entry and exit bullet wounds to the victim's head. Counsel's response was a reasonable tactical decision a competent attorney would have made under the circumstances. See *Henry v. State,* 269 Ga. 851(5)(b), 507 S.E.2d 419 (1998). Accordingly, appellant failed to carry his burden of proving both that counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland,* supra.

### B. Appellate Counsel

The Superior Court of Ware County provided an exhaustive review of the performance of the petitioner's appellate counsel. Expressly relying on *Strickland*, the Superior Court found that the performance of the petitioner's appellate counsel had not been constitutionally deficient. Resp. Exh. 5 at 4-6. Upon review, the undersigned has determined that the findings of the state habeas corpus court sufficiently show that the petitioner's constitutional rights were not violated by the performance of his appellate counsel and incorporates those findings of both fact and law into this Recommendation.

### CONCLUSION

In light of the above analysis, it is the recommendation of the undersigned that the petition DARRYL A. Jones for relief under provisions of 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 25th day of JANUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE