# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DARRYL A. JONES,     :
          :
  Petitioner,     :
          :
  v.        :   Civil Action No. 5:07-cv-125 (HL)
          :
RANDY K. TILLMAN, Warden, :
          :
  Respondent.    :
_____

## ORDER

The Order and Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., entered January 25, 2008 [Doc. 17], in the above-captioned case is before the Court. Petitioner has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court, having given due consideration to the Recommendation, hereby accepts the same insofar as it denies the 28 U.S.C. § 2254 Petition, but makes the following modifications.

### A. Background

Petitioner, Darryl A. Jones, was indicted by a Bibb County grand jury in three counts: Count One, murder (Trial Tr. at 12, 293), Count Two, felony murder (Trial Tr. at 324), and Count Three, possession of a firearm during the commission of a felony by a convicted felon (Trial Tr. at 324-25). The offense giving rise to Count Three was that of commission of a crime against another; the predicate felony in Count Three was

a conviction for burglary.[1]  The predicate felony as to Count Two was possession of a firearm by a convicted felon.[2]  Jones tried his case to a jury.

At the trial, the evidence and arguments as to the charges of the indictment were presented in a bifurcated proceeding.  With regard to the decision to bifurcate, the transcript from Jones' trial reveals only the following:

>    The Court:    All right. Has the Defense made a judgment with regard to bifurcation:
>
>    [Jones' Attorney]:  We would like to bifurcate, your Honor.
>
>    [The State]:  The State does not oppose.  I've talked to him what we would do in the event certain things happen which I'll share with the Court also.

(Trial Tr. at 9.)  The jury was then advised that Jones had been indicted for the offense of murder, and evidence at the first phase of Jones' trial was directed at the question

---

[1] It is not clear to the Court which Code section Jones was alleged to have violated under Count Three.  O.C.G.A. § 16-11-133 makes it a separate felony for anyone convicted of certain specified felonies to commit a crime against another person while having a firearm on his person.  However, burglary is not one of the prior felonies identified in the statute as providing a basis for this offense. O.C.G.A. § 16-11-133(b) (LexisNexis 2007).  O.C.G.A. § 16-11-106 makes it a felony to possess a firearm during the commission of a crime against another person, and applies to all offenders, not just those with felony convictions.  O.C.G.A. § 16-11-106(b) (LexisNexis 2007).  In this case it does not matter which offense was charged to Jones given that the offense alleged in Count Three was never presented to the jury.

[2] Georgia law provides that any person who has been convicted of a felony and who receives, possesses, or transports any firearm commits a felony.  O.C.G.A. § 16-11-131(b) (LexisNexis 2007). This a separate offense from that charged in Count Three, possession of a firearm during the commission of a felony by a convicted felon.

of whether Jones committed the offense of malice murder, as charged in Count One. The jury found Jones guilty of the lesser included offense of voluntary manslaughter.

After the verdict in the first part of the trial, the trial court informed the jury of the other counts of the indictment. (Trial Tr. at 324-25.) The trial court advised the jury that it was "required by law to try count one . . . separate and apart from counts two and three" and added, "I mean the law requires that it be done that way." (Trial Tr. at 323-24.) Although the trial court informed the jury of both Counts Two and Three, only Count Two was submitted to the jury for a verdict. (Trial Tr. at 328-32.) Jones was found guilty as to Count Two, the felony murder charge. The trial court found that the voluntary manslaughter conviction merged with the felony murder conviction, and imposed a sentence of life in prison. (Trial Tr. at 335-36.)

After pursuing his state remedies, and obtaining no relief, Jones filed the Petition under 28 U.S.C. § 2254 at issue here. In his petition, Jones presented eleven grounds for relief. In his Recommendation, the Magistrate Judge addressed only three of the eleven grounds. Jones objects to the Magistrate Judge's failure to address all of the grounds raised in his petition. With respect to grounds one, two, and three, which the Magistrate Judge did address, Jones objects to the Magistrate Judge's finding as to ground one that Jones waived any double jeopardy objection he might have because he requested that his trial be bifurcated. Jones also contends that the Magistrate Judge's discussions are insufficient as to grounds two and three. Because Jones is laboring under some serious misapprehensions about his case, the Court will address

below in some detail each of the grounds raised in Jones' Petition.

**B.    Conclusions of Law**

Each ground of Jones' Petition is set out below.

1.    <u>Ground One:  The Trial Court Erred in Proceeding on the Felony Murder Portion of the Bifurcated Trial after the Petitioner was Convicted of Voluntary Manslaughter.</u>

In Georgia, as a general rule, where the offense of possession of a firearm by a convicted felon is charged in the indictment with more serious offenses, Georgia law requires that the trial be bifurcated, if the defendant so requests:

> If the charge of possession of a firearm by a convicted felon is unrelated to another count for which the defendant is to be tried . . . the trial judge, on motion, shall undertake to place the defendant on trial for both charges, but shall bifurcate the proceedings in such manner that the jury shall hear and determine first the more serious charge, and under circumstances where the jury is unaware of the pendency of the possession charge.

<u>Head v. Georgia</u>, 322 S.E.2d 228, 232 (Ga. 1984), *overruled on other grounds*, <u>Ross v. Georgia</u>, 614 S.E.2d 31, 34 n.17 (Ga. 2005) (overruling <u>Head</u> insofar as it states in dicta "that a curative instruction would be sufficient to avoid harm from admission of a prior conviction").

The Supreme Court of Georgia also indicated in <u>Head</u>, however, that there might be occasions where the nature of the indictment might be such that bifurcation would not be required.  The court stated,

> In cases where the count charging possession of a firearm by a convicted felon might be material to a more serious charge–as, for example, where the offense of murder and possession are charged in one

4

> indictment, and the possession charge might conceivably become the underlying felony to support a felony murder conviction on the malice murder count of the indictment–the trial need not be bifurcated.

Head, 322 S.E.2d at 232. In those cases, the court suggested that the trial court should provide the jury with a limiting instruction instead. Id. Relying on Head, the court later held that it was not error for a trial court to overrule a motion for a bifurcated trial where the defendant was charged with malice murder, felony murder, and possession of a firearm by a convicted felon. Williams v. Georgia, 429 S.E.2d 512, 513 (Ga. 1993).

In view of the foregoing, it appears that the trial court was not required to bifurcate Jones' trial. Nevertheless, this Court must decide whether, having made the decision to bifurcate, the trial court violated Jones' rights when it presented the charge of felony murder to the jury, after the jury had already determined that Jones was guilty of the offense of voluntary manslaughter.

In Edge v. Georgia, 414 S.E.2d 463, 464 (Ga. 1992), the Supreme Court of Georgia held that "where the jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault." In reaching its result, the court reasoned as follows,

> If the jury finds voluntary manslaughter, it necessarily finds the felonious assault was mitigated by provocation, and committed without the *mens rea* essential to impute malice to the killing. Thus, the felony of assault in that instance cannot support a felony murder conviction because there is no malice to be transferred.

Id. at 465. The court added, however, "this problem does not exist if the underlying felony is independent of the killing itself, such as burglary, robbery, or even an assault

5

that is directed against someone other than the homicide victim." Id. at 466 n.3. In a later decision, the court again discussed the "modified merger rule" adopted in Edge. In Smith v. Georgia, 536 S.E.2d 514, 519 (Ga. 2000), the court reiterated that the rule does not apply when the predicate felony is independent of the killing itself.

Here, the felony underlying the felony murder count was independent of the killing itself. The predicate felony was possession of a firearm by a convicted felon. Thus, the determination of the jury in Count One, that the killing was the result of provocation and passion, did not serve to prevent the jury from finding in Count Two that Jones, a convicted felon, caused the death of another while in the possession of a firearm.

The court also held in Smith that verdicts of voluntary manslaughter and felony murder are not mutually exclusive. Id. at 519. The court explained that the findings necessary to support a conviction for voluntary manslaughter were different from the findings required to support a conviction for felony murder and that the findings were not in conflict. Id. at 520. Similarly, the results reached by the jury at Jones' trial were not in conflict.

Furthermore, the conclusions reached by the court in Smith also explain why there was no double jeopardy violation stemming from Jones' convictions for both voluntary manslaughter and felony murder. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against

6

multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969) (footnotes omitted).

The test to be applied in determining whether there has been a Double Jeopardy Clause violation was established in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). Under the Blockburger test, courts must determine whether the two offenses "are sufficiently distinguishable to permit the imposition of cumulative punishment." Brown v. Ohio, 432 U.S. 161, 166, 97 S. Ct. 2221, 2225 (1977). Courts are to look at the elements of the two crimes to determine whether each requires proof of an additional fact which the other does not. Id. (citing Blockburger).

Applying the Blockburger test to this case, it is clear there has been no double jeopardy violation. In the first phase of his trial, Jones was tried for malice murder but convicted of the lesser-included offense of voluntary manslaughter. Malice murder is defined in the Georgia Code as follows: "A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." O.C.G.A. § 16-5-1(a) (LexisNexis 2007). The Georgia Code defines voluntary manslaughter as follows: "A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." O.C.G.A. § 16-5-2 (LexisNexis 2007). "The crime of voluntary manslaughter requires a finding by the jury that [the

defendant] intended to kill the victim, but that he did so based upon the provocation and passion required under O.C.G.A. § 16-5-2." Smith, 536 S.E.2d at 519.

With respect to felony murder, the Georgia Code provides: "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." O.C.G.A. § 16-5-1© (LexisNexis 2007). As the Supreme Court of Georgia has stated, "malice and intent to kill are not elements of the offense of felony murder." Smith, 536 S.E.2d at 519-20. As a result, elements that are necessary to a finding of malice murder or voluntary manslaughter are not pertinent to felony murder. Thus, the jury in Jones' case had to find, as the trial court charged, that Jones committed the homicide and at the time was a convicted felon in possession of a firearm. Under this offense, the jury was authorized to find Jones guilty of murder, whether the homicide was intended or not. See Id. (holding that the intent that is relevant to a conviction for felony murder is the intent to commit the underlying felony, and that intent to kill is not relevant to this intent).

Clearly there was substantial overlap in the proof offered to establish the crimes as to which Jones was charged. However, each offense satisfies the Blockburger test in that each has elements that the other lacks. Malice murder and voluntary manslaughter both require an intent to kill, the latter requiring evidence of provocation and passion, while felony murder does not require an intent to kill but, instead, requires an intent to commit the elements of the underlying felony, in this case possession or transportation of any firearm by a person who has previously been convicted of a

8

felony.

For the foregoing reasons, the Court finds no error by the trial court in presenting to the jury both the malice murder and the felony murder charges. Therefore, the Magistrate Judge's Recommendation is accepted insofar as it finds that the trial court did not err in presenting both the malice murder and felony murder charges to the jury. The Court disagrees with the Magistrate Judge's conclusion that Jones waived any double jeopardy challenge to his conviction.

2. <u>Ground Two: The Trial Court Erred in that the Sufficiency of the Evidence Did Not Support the Petitioner's Conviction.</u>

As to Jones' second ground of error–that the evidence was contradictory and did not support verdicts of guilty as to voluntary manslaughter and felony murder–the Magistrate Judge relied on the findings of the Supreme Court of Georgia and determined that the evidence was sufficient. Jones objects to the Magistrate Judge's conclusion, and contends as follows: "The *nolle prosequi* of the state's proposed underlying felony constitutes that there is no factual basis for felony murder." (Obj. at 6.)

As discussed above, Count Three, possession of a firearm during the commission of a felony by a convicted felon, was never presented to the jury. However, the felony charged in Count Three did not provide the basis for the felony murder charge in Count Two. Instead, the predicate felony for the felony murder charge was the offense of possession of a firearm by a convicted felon. In order for the

jury to convict Jones of the offense of felony murder, the jury had to find that he was a convicted felon, that he caused the death of the victim, and that at the time he caused the death of the victim, he was in possession or transportation of a firearm. Thus, the decision by the State not to pursue the charge in Count Three had no bearing on the findings of the jury as to Count Two. Furthermore, the evidence presented at trial was sufficient to support the jury's verdict as to the offense of felony murder.

3. <u>Ground Three: Trial Counsel Rendered Ineffective Assistance of Counsel by Failing to Cross-Examine, Object to Hearsay and Motion for a Direct Verdict of Acquittal.</u>

With respect to Ground Three, Jones argues that trial counsel failed to thoroughly cross-examine the coroner, Melissa Sims, about the entry and exit wounds to the victim's head; failed to timely object to "several instances" of hearsay by the State's witnesses; and failed to move for a directed verdict of acquittal on Counts One and Two. Rather than address the three points raised in Ground Three separately, the Magistrate Judge summarily concluded that the Jones' claims of ineffective assistance of trial counsel are without merit. Jones' objection to this Recommendation is that it lacks "any specific finding that would ascertain that he reviewed such." (Obj. at 6.)

After review of the record, this Court is of the opinion that not much discussion is warranted by Jones' ineffective assistance of trial counsel claims. At trial, the evidence clearly established that the victim died from gunshot wounds and that Jones was the one who shot the victim. Jones has failed to persuade the Court that any benefit would have been gained by a cross-examination of the coroner as to the points

of entry and exit of the bullet or, more to the point, that the lack of a cross-examination on the issue prejudiced him in any way.

Additionally, Jones complains that his trial counsel was ineffective because he "failed to timely object to several instances of hearsay testimony made by State's witnesses that aided the State's case." (Pet. at 9.) In his brief in support of his petition, Jones refers to one instance during the testimony of Detective Halligan in which Halligan recounts what he learned from Vickie Moss during his investigation. The Court has reviewed the transcript of the trial and finds that no prejudicial error occurred as a result of this testimony. Most of what Detective Halligan recounted was testified to by other witnesses on direct examination. There is nothing before the Court that suggests that the outcome of the proceeding would have been different if trial counsel had objected sooner, or renewed his objection as to this testimony.

Finally, Jones contends his trial counsel was ineffective when he failed to move for a directed verdict of acquittal at the close of the State's case. Jones maintains that because Count Two–the felony murder count–does not set forth an element of the offense of possession of a firearm by a convicted felon, he could not be convicted of felony murder. This ground is without merit. The Supreme Court of Georgia has held that there is no requirement in Georgia that a felony murder indictment separately set out the predicate felony. Totten v. Georgia, 577 S.E.2d 272, 274 (Ga. 2003). In Totten, the court held that it was sufficient that the indictment put the defendant on notice as to the predicate felony for the felony murder count. Id.

Here, the indictment put Jones on notice as to the predicate felony given that the indictment charged the offense of felony murder and that Jones "did then while in the commission of a felony, to wit, possession of a firearm by a convicted felon, did cause the death of Gerald Lattimore, a human being, by shooting Gerald Lattimore in the head with a handgun." (Trial Tr. at 324.) *See also* Stinson v. Georgia, 611 S.E.2d 52, 53 (Ga. 2005) ("In order to satisfy due process when an indictment charges a compound felony such as felony murder, the count charging the compound offense must contain the essential elements of the predicate offense, or the indictment must contain a separate count charging the predicate offense completely, or the indictment must elsewhere allege facts showing how the compound offense was committed.") Given that the indictment gave Jones sufficient notice of the predicate felony for the felony murder charge, it was not error for his trial counsel to fail to move for a directed verdict on Count Two on the basis that the indictment was insufficient.

4-11. Grounds Four through Eleven: Ineffective Assistance of Appellate Counsel

The Magistrate Judge incorporated the findings of the State habeas corpus court into his Recommendation and concluded, without further discussion, that Jones' constitutional rights were not violated by the performance of his appellate counsel. Jones objects to the lack of discussion provided by the Magistrate Judge as to these grounds of his Petition. To aid Jones in understanding why the Magistrate Judge's conclusion was not in error, the Court will discuss Jones' claims of error in greater

detail.

In Ground Four, Jones claims his appellate counsel was ineffective because he did not raise as an issue the trial court's failure to charge the jury on the offense of aggravated assault. Jones has shown no constitutional violation with regard to this ground. Jones was not charged with aggravated assault, nor was aggravated assault the predicate felony for the felony murder count, so the indictment provided no basis for seeking a charge as to the offense of aggravated assault. Furthermore, where as here, "there was uncontradicted evidence that the victim died, it was not necessary to charge on the lesser included crimes of aggravated assault and aggravated battery." Sanders v. Georgia, 303 S.E.2d 13, 19 (Ga. 1983). Thus, there was no basis on which to seek a charge as to the offense of aggravated assault.

In Ground Five, Jones contends that appellate counsel was ineffective by failing to raise a challenge to the trial court's failure to instruct the jury on felony murder. With this claim, Jones misconstrues the transcript entirely. In the second part of the trial, the court charged the jury as follows with regard to the offense of felony murder:

> . . . I charge you further with regard to the offense of felony murder, as alleged in count two of the indictment, that if you find and believe beyond a reasonable doubt that the Defendant committed the homicide alleged in this Bill of Indictment and at the time the Defendant was engaged in the commission of the felony of possession of a firearm by a convicted felon, then you would be authorized to find the Defendant guilty of murder, whether the homicide was intended or not.
>
> A person commits the offense of possession of a firearm by a convicted felon when that person who has previously been convicted of a felony receives, possesses or transports any firearm.

13

> In order for a homicide to have been done in the commission of this particular felony, there must be some connection between the felony and the homicide. The homicide must have been done in carrying out the unlawful act and not collateral to it.
>
> It is not enough that the homicide occurred soon or presently after the felony was attempted or committed. There must be such a legal relationship between the homicide and the felony so as to cause you to find that the homicide occurred before the felony was at an end or before any attempt to avoid conviction or arrest for the felony.
>
> The felony must have a legal relationship to the homicide, be at least concurrent with it in part, and be a part of it in an actual material sense.
>
> A homicide is committed in the carrying out of a felony when it is committed by the accused while engaged in the performance of any act required for the full execution of the felony.

(Trial Tr. at 328-29.) Contrary to the suggestion of Jones, and as shown by the foregoing, the law of felony murder was charged to the jury. Thus, Jones has no basis for his contention that the jury was not charged as to the offense of felony murder.

Jones may be arguing that because the charge did not tell the jurors that malice and intent are not elements of the offense of felony murder that the charge was in error. However, Jones has failed to explain how such a failure, if it is error, could have prejudiced him. The jury had already reached a verdict which demonstrated that it did not find malice or intent with respect to the killing, so it is unreasonable to suggest that the jury needed to be told that it did not need to find malice or intent in order to find Jones guilty of felony murder. A trial judge has a duty to explain to the jury the elements of the offense under consideration; a trial judge has no duty to explain to the

jury those matters that are *not* elements of the offense. The Court finds no merit to Jones' contentions in Ground Five.

In Ground Six, Jones contends that his appellate counsel was ineffective for failing to raise as an issue that his "trial counsel failed to move for a directed verdict of acquittal when the jury found the Petitioner not guilty of the underlying felony to the felony murder." (Pet. at 15.) This argument is without merit. As previously discussed, the predicate felony for the felony murder charge was possession of a firearm by a convicted felon, which was never charged as a separate offense, nor did it need to be. *See* Stinson, 611 S.E.2d at 54 (holding that even though felony murder count did not contain essential elements of predicate offense, and the indictment did not contain a separate count charging defendant with the predicate offense, the indictment was nevertheless sufficient). Grounds Seven through Ten are similarly without merit for reasons already discussed in this Order.

In Ground Eleven, Jones argues that appellate counsel was ineffective for failing to raise as a claim trial counsel's failure to call a witness who would have testified that there were two shell casings found at the crime scene, which would have supported a theory of self-defense. This ground is also without merit. The evidence at trial showed that Jones caught the victim completely unaware before shooting him, and that there was no interaction between Jones and the victim immediately before the shooting. The theory of the defense at trial was that Jones, Jones' girlfriend, and the victim had been in an altercation the night before, and that Jones and his girlfriend were frightened by

the victim and concerned that he would come back and harm them.  It was because of this theory that the jury found Jones guilty of voluntary manslaughter rather than malice murder.  A witness called to testify about the two shell casings would have been inconsistent with this theory of the case.  Moreover, Jones has provided the Court with nothing that would suggest that had the witness been called to testify that the result of his trial would have been different.

### C.    Conclusion

The Court has reviewed the record in the case and given de novo consideration to Jones' objections.  The Court agrees with Jones that he did not waive a double jeopardy argument by agreeing to a bifurcated trial.  However, the Court agrees with the Magistrate Judge's conclusion that Jones has failed to show a constitutional violation and, except as previously noted, accepts the Recommendation.  The Petition under 28 U.S.C.A. § 2254 is hereby denied.

**SO ORDERED**, this the 22nd  day of July, 2008.


*s/   Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls